IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**GREGGORY PEREK**                                                                 **PLAINTIFF**

vs.                                                  No. 6:21-cv-137

**CYGNUS HOME SERVICE, LLC**                                          **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Greggory Perek ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Cygnus Home Service, LLC ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Tyler Division of the Eastern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.    THE PARTIES

5. Plaintiff is an individual and resident of Smith County.

6. Defendant is a foreign, for-profit corporation, registered to do business in Texas.

7. Defendant's registered agent for service is C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136.

8. Defendant in the ordinary course of business maintains a website at https://cygnus3pl.com.

### IV.    FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles, fuel and frozen food products.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. Defendant ships frozen food orders to residential customers.

13. Defendant is an "employer" within the meanings set forth in the FLSA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

15. Defendant employed Plaintiff as a frozen food delivery driver ("Delivery Driver") from October of 2019 until June of 2020.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

18. Defendant paid Plaintiff $140 per day.

19. Plaintiff was paid neither a salary nor an hourly wage.

20. In addition to this day rate, Plaintiff occasionally received small commissions that amounted to less than 50% of his pay.

21. Plaintiff was not paid for days he did not work unless he had accrued sufficient paid time off or sick leave. If he did not have sufficient paid time off or sick leave, he did not receive pay for the unworked day.

22. If Plaintiff worked more than forty hours in a week, he was not paid an overtime premium for the hours he worked over forty.

23. Plaintiff's primary duty was to deliver frozen food to Defendant's customers.

24. Plaintiff did not have the authority to hire or fire any other employee.

25. Plaintiff was not asked to provide input as to which employees should be hired or fired.

26. Plaintiff did not exercise independent judgment as to matters of significance in carrying out his duties.

27. Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

28. Plaintiff recorded most of his hours worked via an electronic time clock, which logged his hours into a payroll system maintained by Defendant.

29. Plaintiff was required to attend daily meetings for which he was not permitted to clock in. These meetings generally lasted 20 to 30 minutes.

30. Plaintiff was also required to inspect the delivery truck before clocking in, which took approximately 10 to 20 minutes.

31. In January of 2020, Defendant changed its policies and permitted drivers to clock in before the meeting and before the inspection, but it did not enforce this policy, as drivers were paid a day rate rather than by the hour.

32. Plaintiff was also required to complete paperwork and other administrative tasks at the end of each day after he clocked out.

33. The hours Plaintiff spent attending daily meetings, inspecting delivery trucks and completing administrative tasks after his shift went unrecorded and uncompensated.

34. Defendant regularly required Plaintiff to work hours over forty in a week.

35. Plaintiff estimates he generally worked between 50 and 60 hours per week.

36. Defendant knew or should have known that Plaintiff was working additional hours off the clock for which he was not compensated.

37. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

38. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. CLAIM FOR RELIEF—VIOLATION OF THE FLSA

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

41. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

43. Defendant classified Plaintiff as exempt from the requirements of the FLSA.

44. Defendant failed to pay Plaintiff for all hours worked.

45. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

46. Defendant knew or should have known that its actions violated the FLSA.

47. Defendant's conduct and practices, as described above, were willful.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

49. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Greggory Perek respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF GREGGORY PEREK**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com